okay and may it please the court my name is Andrew Conant for plaintiff appellant Vivian Cirricione. The judges findings regarding the residual functional capacity was essentially based on the opinions of the state reviewed the very partial file in November of 2014 and and Pharrell was reviewing in February 5th of 2015. My client as the record shows had a extensive history of substance abuse up until a final incarceration in March of 2014 and then started getting appropriate and consistent care in June of 2014. So Dr. Kino-Otero only had about you know five six months of consistent treatment records from treating sources and then Dr. Pharrell had it through February which is another you know seven months. Thereafter the treating doctors got involved. Dr. Frederick became her treating psychiatrist February, late Dr. Pharrell's review of the file. Dr. Frederick treated for about 14 months and then she my client was transferred to Ventura County Behavioral Health from Dr. Frederick's care. Dr. Frederick was part of it. So counsel if I might interrupt. I'm sorry. To cut to the chase what was deficient about the residual functional capacity analysis? You start by mentioning that it's based on the examining physicians and what was the what in your view what was the error in that? Well the error number one is basing a residual function capacity finding on non-examining physicians that didn't review the complete file and is inconsistent with the record the treatment records that they didn't even have an opportunity to to see or review prior to giving their opinions. And then the basis for the RFC finding not only did not adequately or accurately reflect those non-examining physicians because they both opine that there's one to two periods of extended of deterioration of decompensation of extended duration which the judge never addressed or refuted which is you know a judge must articulate reasons for rejecting certain opinions and the judge just glossed over the fact that both these state agency doctors found one or two episodes of deterioration and then on top of that rejects doctors Frederick, Chamerion and the therapist records all three of them gave opinions that supported the finding of disability. So the basically the judge rejected three treating medical professionals opinions over a DDS, two DDS doctors, state agency doctors that reviewed very very small small portions of the record. And the reason that the judge denied both doctors Frederick and Chamerion opinions do not meet the specific and legitimate standards and the therapist Amy Maimon did not give germane reasons. For Maimon, the only reason the judge articulated was inconsistent with the records and she's not an acceptable medical source. Well the Revels case that was cited in the brief and 20 the regulations 20 CFR 1527 F and Revels both talk about needing to go through these factors in 404 1527 C 2 through 6. The judge absolutely did not undertake any such analysis just kind of summarily and vaguely rejected the therapist Maimon's records and similarly gave you know inaccurate reasons for rejecting the two treating doctors. So we have three treating sources Frederick from 14 months and then a year after that Chamerion both independently assessing them they're in different facilities giving rather measured not over-the-top at all opinion out of 20 areas of functioning both doctors Frederick and Chamerion only said five out of the 20 were the most severe limitations the rest were varying lesser degrees. The judge interpreted that as being overly sympathetic. It was a bit these are all very measured very you know if she did not have limitations in certain areas both of these doctors independently acknowledge that in 15 out of 20 except the five that were severe the vocational experts documented in testimony those are disabled and the judge selectively reviewed these records and said look she's not you know she does not have X Y & Z limitations here that is not the point of medical records is to document you know you know some symptoms that are severe and notation and and also acknowledge that aren't so severe the medical medical source statement accurately revealed those measured treatment records with measured opinion you have to judge without any basis in the wreck that these are based on sympathy not any support in the record not an active reach of the record mr. Cody can I ask you a question please of course it appeared to me that the judge was also taking into consideration the fact that she was well first of all when she was put on medication she did substantially better and it was functioning she was attending different groups she was in fact I think she was in charge of one group that she was attending and seemed to be dealing with her issues fairly well and I think it appeared to me at least that the that the judge in this case was looking at and measuring that against the various doctor's opinions I don't think it's just pulling out of the air oh I'm sorry that's a question I'm sorry I don't want to interrupt well you seem to be indicating that he was just pulling these out of the air would you agree with me that he was looking at okay looking at these physicians opinions in reference to how she was behaving under her medication would seem to enhance her ability substantially well no and and I think this needs to be in necessary context for years before you know a couple years before getting regular treatment my client was having substance abuse issues being hospitalized so from that baseline to regular treatment yes she has improved and of course once she was to her credit became clean and sober I believe March of 14 throughout she brings me maintainer sobriety medications did help she did do activities but none of these are activities that would indicate any ability to sustain 40-hour work week she was I think the Gord you're the activity you're referring to is she was a member of narcotics anonymous which was part of her treatment to her credit she was very involved in narcotics anonymous and actually served on the board for that but that is intermittent it does not you know it is not ability to sustain yes she has improvement those medical source statements show improvement 15 out of the 20 areas of category are not disabling 5 are according to the vocational experts testimony she does not need to be incapacitated she needs to be precluded from sustained 40-hour work week with all three treating sources have documented and they're very well aware of that improvement from the baseline of going to hospitalization to now and I'm sorry I've gone over I don't have my two minutes I don't know if I'll still have any we'll give you a little bit of time thank you thank you I hope that was response it was thank you I'm miss Clark you need to unmute yourself you're muted can you hear me yes thank you you may proceed now we can't hear you well miss Clark we can't hear you can you hear me now yes please proceed oh my apologies this is a straightforward case about a younger woman who had some difficulties primarily with methamphetamine that landed her in in jail and in treatment and in March of 2014 when she was incarcerated for the last time she for a three-month period she decided she was going to change her life and and get clean and sober and the evidence after her incarceration from March through June of 2014 shows that she was doing relatively well and was fairly functional and was engaged in a numerous activities and maintained on medication and the evidence shows that she does not wish to work she's not interested in finding a job throughout she represented that she doesn't want to work she's not interested employment her parents are paying her rent at one point she said her life is is pretty easy she doesn't really know what she wants to do other than pursue her hobby the evidence doesn't show that this is an individual who's unable to work it shows that this is an individual but once she became sober and abstained from methamphetamine use simply chose not to work and that's not to say that she didn't have limitations which are accounted for in the RFC but these limitations were not were not disabling I'm sorry counsel counsel can I ask a question oh I'm sorry no no go ahead um it may I yes okay I was just going to ask uh Miss Clark uh would you be uh responsive specifically to the arguments made by opposing counsel particularly the arguments he's making about the uh opinions of the treating doctors in the preparation of the RFC certainly well first the the RFC isn't based on any single physician's opinion and there's no requirement that it be based on any single physician's opinion and I think the ALJ explains that into the decision quite well plaintiff contends that the RFC is based on these um two examining non-examining physician opinions state agfc opinions from Dr. Quino Caro and Dr. Farrell in fact the ALJ found that plaintiff was more limited than either of those doctors opine the the ALJ agreed with their findings that the individual could perform simple repetitive work claimant also says that the ALJ did not that those those physicians both determined that that claimant had one to two episodes of decomposition decompensation and the ALJ did not consider that that's actually inaccurate the ALJ found that um claimant had no episodes of decompensation and explain the reasons why that's on page 35 of the decision um the ALJ explained how episodes of decomposition are defined in the regulations and showed that that claimant has not had any episodes of decompensation of extended duration as determined in the regulations so the ALJ did explain um that reasoning claimant also alleges that the ALJ improperly rejected three opinions from treating clinicians and the ALJ gave good reasons for rejecting those opinions primarily they were not supported by um objective findings that ALJ discussed the medical records at length and then in discussing the weight to give those those opinions explained that they were not that he considered that the opinions of Dr. Shmerian and Dr. Frederick were treating physicians but he noted that treating physician weight opinions are entitled to significant weight only if they're supported by objective medical evidence and that is not the case here that's what the regulations um require consideration of the extent to which the opinions are are supported and explained and consistent with the record as a whole and in this case the opinions that claimant wishes um claims should have been credited were simply checklist check the box opinions that didn't include narrative or supporting explanation so the fact that they're not supported by um evidence of record is an appropriate reason for discounting those opinions and giving greater weight to the opinion counsel may I interrupt just thank you as I understand the ALJ rejected it one of the basis for rejecting the treating physicians opinion was because the treatment was conservative and routine and uh I'm not sure I've seen that as a basis for rejecting treating physicians opinion before well under that I don't have a case offhand but under the regulation if you look at the regulations I can probably find a case and get back to you on that but under the regulations in considering the treatment relationship the ALJ considers the nature and extent of treatment that's been 1527 seats to um to and I agree I agree with you on that but uh just uh the fact that they chose to um use conservative treatment uh alone it seems to me a little odd to reject it on that basis the other thing is I understand it too the second reason based on certain notes and and perhaps a inconsistency for daily activities or those those are the three reasons I have I don't see the checklist you mentioned in among the three reasons am I missing it no the ALJ doesn't specify a checklist the ALJ says that the opinions are basically there's no supportive evidence and if you look at and if you look at the opinions they don't include any narrative explanation or reference to supporting evidence it was my characterization of the opinions is checklist okay thank you Miss Cook I'm sorry Miss Clark I don't know why I called you cook Miss Clark did you hear me yes yes sir all right um you know uh you characterized uh I I think I would be fair in saying that you characterized uh her behavior during this period of time as being uh somewhat um implying not to do anything and and to uh seek uh social security benefits in order to uh relax lifestyle and I'm having a little bit and even this even though this isn't dispositive I'm having a little difficulty trying to square this with a with the subsequent finding uh by the ALJ by a different ALJ in the board that she was fully uh disabled so how do you know your honor there was a more than a full year gap between the date of the ALJ's decision in this case that we're looking at and and in the finding that she was subsequently disabled and I think that the subsequent decision was based on on new evidence the ALJ in the second hearing specifically said that that greater limitations were based on evidence received at the hearing that shows greater limitations and the ALJ in the subsequent hearing specifically noted that in October of 2000 um let's say in October of 2018 um that claimant was hospitalized for four days on a 5150 um because she was a danger to herself and others so that evidence specifically supported the finding of uh of um disability on the subsequent claim and that's that's different evidence and and shows that her condition is worse than it was during the period of issue in this case what is the significance of oh I'm sorry I'm sorry go ahead council what is the significance of the subsequent uh grant compared to the case that we have is there any is there any um inference we should draw with respect to the case that's in front of us no your honor because of the year gap you can certainly consider the the subsequent determination but I think if you look at the guidance in in Bruton 268 F 3rd um 824 you'll see that the new the new opinion is based on new medical evidence a different time period and it doesn't provide a basis to remand in this case so you're not taking remand you're not you're not seeking remand in this case no sir very well okay uh your time has expired council thank you for your argument unless there are further questions from the panel okay seeing none thank you and uh uh mr konig we will give you uh your two minutes for give you a minute for uh in response to your uh inquiry judge thomas uh the the terviso case that I cited in the brief of page 677 as far as routine and conservative treatment says quote the failure of a treating physician to recommend a more aggressive course of treatment absent more is not a legitimate reason to discount the physician's subsequent medical opinion um the problem with mental health cases is always a you're always able to pick and choose certain isolated pieces of evidence to show improvement or higher functioning you need to look at the longitudinal evidence that's under the ganine case um the fact that she was in a 51 50 in october of 2018 considering the entire uh length of treatment is relevant it's not someone does not wake up and it's a danger to herself or others needs an involuntary commitment this is part of the spectrum of waxing and waning of symptoms at of mental symptoms as is noted in the garrison case and i think uh the fact that uh her opposing counsel brings up not wanting to work you know and we need the casual lifestyle is part and parcel of her fear of working and her uh needing to maintain a controlled lifestyle it is all addressed at er page 126 the post hearing letter from dr shemarian saying she's in avoidance she plays eight hours of video games not that is not evidence of her functioning it's an evidence of her maladaptive coping skills she tried to stay away from reality in a in a safe measured controlled environment that's the only way she can function so of course records say things like she is happy with her life the way it is she does not want to work because if she jumped off that cliff she knows the deterioration would happen this needs to be all uh all viewed in context and dr shemarian's letter summarizes it to the point and i think it needs to be very well uh you know credited there that this judge did not have the opportunity to see this uh evidence submitted that that letter submitted the appeal counsel uh a renown just to pass this warrant thank you thank you thank you counsel the case just argued will be submitted for discussion and we'll proceed to the next case on the oral argument calendar
judges: O'scannlain, Thomas, Ezra